IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,                                    CRIMINAL NO.: 24-CR-527 KG

vs.

ARMANDO FIERRO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Armando Fierro's Opposed Motion to Modify Conditions of Supervision, (Doc. 62), filed on January 9, 2025. The United States filed its Response to Defendant's Motion to Modify Conditions of Supervised Release, (Doc. 64), on January 31, 2025. Having reviewed the record and considered the briefing and applicable case law, the Court will deny, in part, and grant, in part, the Motion, (Doc. 62).

I. *Background*

On October 8, 2024, the Court sentenced Defendant for transporting illegal aliens in violation of 8 U.S.C. § 1324. (Doc. 61). The judgment included special conditions of supervised release related to Defendant's previous sex-offense related conviction. *Id.* at 5–6; (Doc. 63) at 19–21; *see* (Doc. 32) at 8, ¶ 35 (presentence investigation report detailing previous sex-offense related conviction). The sex-offense related special conditions include the following:

(1) Defendant is prohibited from viewing or possessing any material that depicts sexually explicit conduct as defined in 18 U.S.C. 2256, including images, books, writings, drawings, video games, or videos depicting actual sexual intercourse. This also

includes computer or computer-generated images or pictures, whether made or produced by electronic, mechanical, or other means. (Doc. 61) at 5.

(2) Defendant must not have direct contact with children under the age of 18 years without written approval of the treatment provider in conjunction with the probation officer. If Defendant does have any direct contact with any child he knows or reasonably should know to be under the age of 18 years, including his own children, without the permission of the probation officer in conjunction with the treatment provider, he must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places. *Id*. at 6.

(3) Defendant is restricted from engaging in an occupation where he has access to children without prior approval of the probation officer. *Id.*

(4) Defendant must not go to or remain within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18 years old.

(5) Defendant must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities. *Id*.

(6) If recommended in the sex offense-specific assessment, Defendant must begin attending and participating in sex offender treatment consistent with the recommendations of the evaluation. Defendant must follow the rules and regulations of that program, and the probation officer, in conjunction with the treatment provider, will supervise Defendant's participation in the program. Additionally, Defendant

must submit to clinical polygraph examinations as directed by the probation officer and/or the treatment provider. Defendant may be required to pay a portion or all of the cost of the assessments and treatment. *Id.* at 5.

In his Motion Defendant requests the Court modify the conditions of supervision to remove any conditions requiring sex offender supervision. (Doc. 62). The government opposes Defendant's Motion, apart from recommending the Court strike the occupational restriction. (Doc. 64) at 1, 5.

## II. Legal Standard

Under 18 U.S.C. § 3583(d), sentencing courts have broad discretion to impose special conditions of supervised release provided that such conditions: (1) are reasonably related to the 28 U.S.C. § 3553(a) factors, (2) involve no greater deprivation of liberty than is reasonably necessary, and (3) are consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d); *United States v. Hahn*, 551 F.3d 977, 983 (10th Cir. 2008). Notably, the special conditions need not be reasonably related to all the § 3553 factors. *Hahn*, 551 F.3d at 983–984.

## III. Discussion

In his Motion, Defendant argues sex offender related conditions should be removed because they: (1) are unrelated to the underlying offense, (2) are overbroad, and (3) "involve a greater deprivation of liberty than what is reasonably necessary." (Doc. 62) at 2. In support of his Motion, Defendant states that his "last conviction of any sort, prior to the underlying conviction in this case, occurred in 2016…nine (9) years ago." *Id.* Defendant further states that a psychosexual evaluation determined he poses a low risk of sexual reoffending, and he has not been arrested, charged, or convicted of any sexual offenses since 2016. *Id.*

In Response, the government points out that although Defendant generally objects to the special conditions of supervised release, he does not indicate objections to specific conditions. (Doc. 64) at 1.  For its part, the government argues that the proposed conditions are reasonably related to at least one of the 18 U.S.C. § 3553(a) factors, and do not impose a greater deprivation of liberty than necessary "to promote deterrence, protection of the public, and provide rehabilitation." *Id.* at 2.  Moreover, the government argues that the conditions are not "in conflict with any pertinent policy statements issued by the Sentencing Commission."[1] *Id.*  The Court considers the parties' arguments below.

As an initial matter, Defendant requests a hearing on this matter.  The Court finds a hearing unnecessary.  *See United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003) (holding that although Federal Rule of Criminal Procedure 32.1(c) requires the court to hold a hearing, with exceptions, "[b]efore *modifying* the conditions of probation or supervised release." Fed.R.Crim.P. 32.1(c) (emphasis added), the rule does not require a hearing before *refusing* a request for modification."); *see also* Fed. R. Crim. P. 32.1(c)(2) ("A hearing is not required if…the relief sought is favorable to the person and does not extend the term of probation or of supervised release.").

The Court is unconvinced by Defendant's arguments for the following reasons.  To begin with, contrary to Defendant's assertion, the sex offense related special conditions of supervised release are not required to be related to the underlying offense.  Rather, the conditions of supervised release must be reasonably related to at least one of the 18 U.S.C. § 3553(a) factors. In this case, given Defendant's previous sex-offense related conviction, the Court imposed sex

---

[1] Defendant does not argue, and the Court does not find, that the special conditions of supervised release are inconsistent with any pertinent policy statements issued by the Sentencing Commission.

4

offense related special conditions of supervision based on the following § 3553(a) factors: (1) Defendant's history, (2) the goals of affording adequate deterrence, and (3) protecting the public from further crimes of the defendant.

      Defendant's assertions that the special conditions are overbroad and involve a greater deprivation of liberty than what is reasonably necessary appear to rely on the same facts and arguments, so the Court will address them together. Defendant fails to provide any explanation or case law allowing the Court to conclude that the special conditions of supervision are overbroad or involve a greater deprivation of liberty than what is reasonably necessary. Instead, Defendant states that his "last conviction of any sort, prior to the underlying conviction in this case, occurred in 2016." (Doc. 62) at 2. Additionally, at that time, a psychosexual evaluation determined he posed a low risk of sexually reoffending. *Id.* (citing Presentence Investigation Report (PSR), (Doc. 32) at 9, ¶ 35). However, Defendant's most recent Sex Offense Specific Evaluation determined to be an average risk for sexual recidivism. (Doc. 65). Defendant also states that since then he has not been arrested, charged, or convicted of any sex related offenses. (Doc. 62) at 2. The Court notes, however, that in 2018, Defendant's probation based on his previous sex offense related conviction was revoked for violations which included, among other things, residing with the victim and her mother without authorization. (Doc. 32) at 9, ¶ 35. Thus, the Court remains unconvinced that special conditions are overbroad or involve a greater deprivation of liberty than what is reasonably necessary.

      Finally, the Court will strike the occupational restriction included in the special conditions of supervised release. As the government points out, a court may impose a condition of supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which a defendant may do so, only if it finds:

5

(1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and

(2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

*United States v. Mike*, 632 F.3d 686, 698 (10th Cir. 2011) (quoting U.S.S.G. § 5F1.5(a)(1)–(2)).

"Additionally, the court must find that the 'occupational restriction is the minimum restriction necessary.'" *Id*. (quoting *Unites States v. Souser*, 405 F.3d 1162, 1167 (10th Cir. 2005)). Because the U.S.S.G. § 5F1.5(a) requirements are not met in this case, the Court will strike this special condition of supervised release.

*IV. Conclusion*

For the reasons discussed above, the Court denies Defendant's Motion with respect to the special conditions of supervised release, except for occupational restriction. As it relates to the occupational restriction, the Court grants Defendant's Motion and will therefore strike only this condition from the special conditions of supervised release.

IT IS SO ORDERED.

/s/ KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.